UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE


Dominic R. Martone

       v.                                Civil No. 11-cv-377-JL
                                         Opinion No. 2011 DNH 215
Jana M. Sokol, DMD, and
Robert A. Fontana


                           **MEMORANDUM ORDER**

    Plaintiff Dominic Martone, proceeding pro se, has sued dentist Jana Sokol, a franchisee of Aspen Dental, and Robert Fontana, President and CEO of Aspen Dental.  Martone alleges that Sokol failed to perform her services in a professional manner when operating on him, causing him physical discomfort and requiring further corrective dental work.  The defendants have moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), arguing that (a) Martone's suit is barred by the doctrine of res judicata because a nearly identical suit Martone brought against Sokol in Massachusetts state court was dismissed with prejudice; and (b) the allegations of the complaint contain no basis for holding Fontana, as Aspen Dental's CEO, personally liable for Sokol's alleged actions.

    This court has jurisdiction under 28 U.S.C. § 1332 (diversity) because Martone is a New Hampshire citizen, the defendants are citizens of Massachusetts and New York, and the amount in controversy exceeds $75,000.  After considering the

parties' briefs and hearing argument, the court grants defendants' motion.  The doctrine of res judicata prevents Martone from recovering here because his prior action against Sokol arose from the same transaction and resulted in a final judgment.  That doctrine also precludes Martone from pursuing his claim against Fontana, whose alleged liability is premised solely on the theory that he is vicariously liable for Sokol's actions and who is therefore entitled to the protection of res judicata as well.

I.  *Applicable legal standard*

When considering a Rule 12(b)(6) motion, the court must take as true all the plaintiff's well-pleaded facts and draw all reasonable inferences arising from them in the plaintiff's favor. Est. of Bennett v. Wainwright, 548 F.3d 155, 162 (1st Cir. 2008). The court "may consider not only the complaint but also "facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009).  Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Pleadings that "are no more than

conclusions are not entitled to the assumption of truth." Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009) (quotations omitted) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)).

## II. *Background*

In November 2009, defendant Jana Sokol, DMD, operated on both the upper and lower jaws of plaintiff Dominic Martone. Sokol is a franchisee of Aspen Dental, a well-known national chain of dental care providers of which defendant Robert Fontana is President and CEO. According to Martone, Sokol did not "perform her services in a professional manner." After visiting Sokol, Martone found that saliva "continually flow[ed]" from his mouth, causing him embarrassment and trouble speaking. In addition, Martone experienced difficulty chewing and swallowing his food. Martone subsequently consulted two other dentists, both of whom advised him that Sokol's work had been deficient.

In April 2010, Martone filed suit against Sokol, "d/b/a Aspen Dental," in the Superior Court for Essex County, Massachusetts.[1] As here, the basis for that action was Sokol's

---

[1] This court may take judicial notice of matters of public record, such as the filings in the Massachusetts action, without converting defendants' Rule 12(b)(6) motion into one for summary judgment. In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15-16, 19 (1st Cir. 2003). Further, the complaint in this action,

November 9, 2009 operation on Martone; Martone's complaint asserted that Sokol had "negligently performed her duties" and sought damages in the amount of $50,000.  Martone later moved the court for leave to amend his complaint to add Aspen Dental of New York as a defendant.  A ruling on that motion was stayed pending review of Martone's claim by the Medical Malpractice Tribunal, which subsequently issued a report finding that there was "not sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry."[2]  The report further informed Martone that he would need to file a bond in the amount of $6,000 with the Clerk of Courts within 30 days in order to continue to pursue his claim, and that if he did not, his action would be dismissed.  See Mass. Gen. L. ch. 231, § 60B.  Martone did not

---

on its face, makes reference to the Massachusetts action.  See Complaint (document no. 1) at 2.

[2]Under Massachusetts law, medical malpractice claims are screened at an early stage of the litigation by a tribunal consisting of "a single justice of the superior court, a physician licensed to practice medicine in the commonwealth . . . and an attorney authorized to practice law in the commonwealth." Knight v. Brockton Hosp., 77 Fed. Appx. 22, 23 (1st Cir. 2003) (quoting Mass. Gen. L. ch. 231, § 60B).  "The function of a medical malpractice tribunal is to separate medical malpractice claims into two groups:  those appropriate for judicial evaluation, and those involving merely an unfortunate medical error.  A tribunal evaluates only the medical aspects of a malpractice claim for the purpose of distinguishing between those type of cases."  Id. at 23-24 (citations and quotations omitted); see also Feinstein v. Mass. Gen. Hosp., 643 F.2d 880, 885 (1st Cir. 1981) (describing structure and purpose of medical malpractice tribunal).

4

post a bond within the requisite 30 days, so the court entered judgment, ordering "[t]hat the complaint of the plaintiff(s) is hereby dismissed with For *[sic]* failure to post bond with prejudice."

### III. *Analysis*

Defendants argue that, because Martone's Massachusetts state court action against Sokol was dismissed with prejudice, the present action is barred by the doctrine of res judicata, or, more specifically, claim preclusion.  The court agrees.

"Res judicata, in its claim preclusion aspect, is intended to prevent the re-litigation of claims already litigated or that should have been litigated in an earlier action."  Iantosca v. Step Plan Servs., Inc., 604 F.3d 24, 30 (1st Cir. 2010).  "The burden of establishing the affirmative defense of res judicata rests on the defendants," Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011), and "[i]n considering the preclusive effect of a Massachusetts judgment, we look to Massachusetts law."  Iantosca, 604 F.3d at 30.  Under Massachusetts law, "[t]here are three required elements for the invocation of claim preclusion:  (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits."

Baby Furniture Warehouse Store, Inc. v. Meubles D & F Ltee, 911 N.E.2d 800, 806 (Mass. App. 2009) (quoting Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843 (2005)).

Those three elements are present here and serve to bar Martone from re-litigating his claim against Sokol in this action.  The parties are identical:  in the prior Massachusetts action, as in the present action, Martone sought recovery from Sokol.  The cause of action is identical:  in the prior Massachusetts action, as in the present action, Martone's claim arose from Sokol's alleged November 9, 2009 malpractice.  See, e.g., Saint Louis v. Baystate Med. Ctr., Inc., 568 N.E.2d 1181, 1185 (Mass. App. 1991) ("A claim is the same for res judicata purposes if it is derived from the same transaction or series of connected transactions.").  And the dismissal of the prior Massachusetts action with prejudice constitutes a "final judgment on the merits" for claim preclusion purposes.  See Bagley v. Moxley, 407 Mass. 633, 637 (1990) ("[F]or the purposes of res judicata analysis, the dismissal with prejudice . . . constituted an adjudication on the merits as fully and as completely as if the order had been entered after trial."); see also Saint Louis, 568 N.E.2d at 1185 (stipulation of dismissal with prejudice was "valid and final" and could "preclude subsequent litigation based on the same claim").

Martone argues that the prior state court judgment should not be accorded preclusive effect because the Medical Malpractice Tribunal's decision was "not a final decision." This overlooks a critical point. After the adverse decision by the Medical Malpractice Tribunal, Martone was required to post a $6,000 bond to continue his case. See Mass. Gen. L. ch. 231, § 60B ("If a finding is made for the defendant or defendants in the case [by the Tribunal] the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of six thousand dollars . . . ."). He did not do so, and the action was dismissed--as the statute mandates. See id. ("If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed."). It is not the Tribunal's decision, but the court's dismissal of the prior action, which prevents him from reasserting his claim in this action.

Massachusetts law also extends the preclusive effect of the prior state court judgment to Martone's claim against Fontana. This is so, even though Fontana was not a defendant in the earlier action, because Fontana's alleged liability rests solely on the theory that he is vicariously liable for Sokol's acts. See Complaint[3] at 3-5 (asserting that Fontana is liable under the "rule of master and servant," as a principal liable for the acts

---

[3]Document no. 1.

of his agent, or under the "doctrine of ratification"). Res judicata "does not require identity of the parties concerned; instead, the parties need only be in privity or in a relationship, such as that between agent and principal and employer and employee, in which one party is vicariously liable for the acts of the other." Capizzi v. Verrier, No. 95-1753-G, 1996 WL 414034, *4 (Mass. Super. July 23, 1996) (citing Restatement (Second) of Judgments § 51 (1982)); see also Putignano v. Treasurer & Receiver Gen., 774 N.E.2d 1157, 1161 (Mass. App. 2002) ("[W]hen a prior case has concluded with a final judgment that a primary liability does not exist, [a party] who has only secondary liability may have the benefit of the judgment.").

That is exactly the case here: the claim against Fontana is "wholly derivative" of Martone's claim against Sokol in that it is based on the same alleged acts by Sokol that formed the basis of Martone's claims against her in both this action and his prior Massachusetts action. Id. The policies underlying res judicata --"to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication," Mancuso v. Kinchla, 806 N.E.2d 427, 436 (Mass. App. 2004) (quoting Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc., 181

8

F.3d 174, 181 (1st Cir. 1999))--would scarcely be served if Martone, having lost his original suit against Sokol, could get a second bite at the apple simply by suing her superior.

Martone's claims against Fontana and Sokol are therefore barred by the doctrine of claim preclusion.[4] This action must be dismissed.

### IV. *Conclusion*

For the reasons set forth above, the court GRANTS the motion to dismiss.[5] The clerk shall enter judgment accordingly and close the case.

---

[4]Because the court concludes that res judicata bars Martone's suit against Fontana, it is unnecessary to address in detail defendants' alternative argument that Fontana cannot be held personally liable for Sokol's acts. Defendants are nonetheless correct that in order for an officer or director of a corporation to be held personally liable for a tort committed by the corporation or one of its employees, he or she must have "participate[d] in the [tort] or ha[d] knowledge amounting to acquiescence," and "[s]ome knowledge and participation, actual or implied, must be brought home to him." New England Box Co. v. Gilbert, 100 N.H. 257, 259 (1956) (citing 3 Wm. Meade Fletcher, Cyclopedia of Corporations §§ 1137, 1140); see also Doyle v. Hoyle, No. 94-cv-244-SD, 1995 WL 113933, *5 (D.N.H. March 14, 1995) ("[A]n officer of a corporation is liable for any tort of the corporation in which he participates or authorizes . . . .") (quoting Pac. & Atl. Shippers v. Schier, 109 N.H. 551, 553 (1969)). The complaint contains no allegations from which one could conclude that Fontana participated in, authorized, or even knew of Sokol's allegedly tortious acts. Thus, Martone's claims against him would have to be dismissed even if res judicata did not apply.

[5]Document no. 5.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge

Dated: December 19, 2011

cc: Dominic R. Martone (pro se)
    Ralph Suozzo, Esq.
    William N. Smart, Esq.